# EXHIBIT A

IN THE COURT OF COMMON PLEAS
OF FRANKLIN COUNTY, PENNSYLVANIA
Civil Action - Law

| | | |
|---|---|---|
| Billie Jean Hankey | : | |
| 66 Diaz Ave | : | |
| Nemacolin, PA 15351 | : | |
|   Plaintiff | : | |
| v. | : | Jury Trial Demanded |
| Direct TV, Inc. | : | |
| 2260 E Imperial Hwy | : | |
| El Segundo, CA, 90245 | : | 2014-4402 |
| and | : | |
| X,Y,Z Corporations | : | |
|   Defendants | : | |

**NOTICE**

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

Franklin County Legal Services
80 N 2nd St., Chambersburg, PA 17201
(717) 262-2326

Mid Penn Legal Services
230 Lincoln Way East, Suite A
Chambersburg, PA 17201
717-264-5354  800-372-4737
Fax (717) 264-2420

*ATTEST A TRUE COPY*

*Wendi Covington*
LINDA L. BEARD, PROTHONOTARY

IN THE COURT OF COMMON PLEAS
OF FRANKLIN COUNTY, PENNSYLVANIA
Civil Action - Law

Billie Jean Hankey
66 Diaz Ave
Nemacolin, PA 15351
    Plaintiff
v.
Direct TV, Inc.
2260 E Imperial Hwy
El Segundo, CA, 90245
and
X,Y,Z Corporations
    Defendants

Jury Trial Demanded

2014-4402

## AMENDED COMPLAINT

1. This is an action brought pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §1693, *et seq.* and Regulation E, 12 C.F.R. §1005.10(b), promulgated by the Bureau of Consumer Financial Protection ("Regulation E"). The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer those services. The primary objective of the EFTA is the protection of individual consumers engaging in electronic fund transfers. Regulation E is the implementing regulation for the EFTA.

2. Defendant has engaged in a business practice that violates the EFTA and Regulation E with regard to Plaintiff and, upon information and belief, routinely does so with regard to other consumers. Specifically, Defendant has made preauthorized electronic fund transfers from Plaintiff's account without obtaining the requisite authorization from Plaintiff and without providing a copy of such authorization to Plaintiff, in violation of 15 U.S.C. §1693(e)(a) and Regulation E.

3.     As a result of Defendant's violations of the EFTA and Regulation E, and pursuant to 15 U.S.C. §1693m, Plaintiff bring this case and seeks damages.

4.     Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania in general and within this jurisdiction.

5.     Similarly situated consumers are likely to be located in this jurisdiction.

6.     A substantial portion of the acts and omissions described in this Complaint occurred in this jurisdiction.

7.     Plaintiff is Billie Jean Hankey a natural person with an address of 66 Diaz Avenue, Nemacolin, PA 15351.

8.     Defendants are the following.

a.     Direct TV, Inc., 2260 E Imperial Hwy, El Segundo, CA, 90245.

b.     XYZ corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

## COUNT ONE: VIOLATION OF THE ELECTRONIC
## FUNDS TRANSFER ACT 15 U.S.C. §1693e(a)

9. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

10. Prior to the commencement of this action, Plaintiff's spouse opened an account with Direct TV for cable internet services.

11. Plaintiff's spouse could not afford to pay the bill.

12. Plaintiff called Defendant Direct TV, and initiated a one time payment of the outstanding balance on her husband's account with Direct TV, Inc. The payment was done by a debit from Plaintiff's personal checking account, and not her husband's checking account. The checking account was Plaintiff's own personal checking account, not shared with her husband.

13. The one time payment from said checking account was authorized over the telephone, but no other successive payments were authorized.

14. There was no writing in connection with the above mentioned payment.

15. The following month, Defendant, Direct TV, Inc. unilaterally decided to again debit Plaintiff's checking account for the amount due for the cable TV bill, without Plaintiff's knowledge, permission or consent.

16. Plaintiff never authorized the second payment at all.

17. Plaintiff never knew about the second payment at all until after it had happened.

18. Plaintiff contacted Defendant, and demanded her money back since she had never authorized a second payment.

19. Defendant refused to give Plaintiff back her money, but gave no valid legal reason.

20. Plaintiff's checking account was established primarily for personal, family, or household purposes, and thus, is an "account" as defined by 15 U.S.C. §1693a(2).

21. Defendant did not obtain from Plaintiff written authorization for the second debit from her checking account.

22. Defendant did not provide Plaintiff with a copy of any document which Plaintiff signed authorizing the EFT Agreement or any of the debits from her checking account.

23. The second successive debit from Plaintiff's checking account was a "preauthorized electronic fund transfer" as defined by 15 U.S.C. §1693a(9) and 12 C.F.R. §1005.3(b).

24. 15 U.S.C. § 1693e(a) provides, in pertinent part:

*A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made ....*

25. 12 C.F.R. § 1005.10(b) provides, in pertinent part:

Written authorization for preauthorized transfers from consumer's account. *Preauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer.*

26. The Official Staff Interpretations to the EFTA, at 12 C.F.R. Pt. 1005.10(b), Supp. I, provide, in pertinent part:

2. Authorization obtained by third party. The account-holding financial institution does not violate the regulation when a third-party payee fails to obtain the authorization in writing or fails to give a copy to the consumer; *rather, it is the third-party payee that is in violation of the regulation.*

3. Written authorization for preauthorized transfers. *The requirement that preauthorized EFTs be authorized by the consumer "only by a writing" cannot be met by a payee's signing a written authorization on the consumer's behalf with only an oral authorization from the consumer.*

27. Through Regulation E, 12 C.F.R. 1005.3(a), the requirements of 12 C.F.R. §1005.10(b) "appl[y] to any person," other than certain persons not applicable here.

28. Defendant violated 15 U.S.C. §1693e(a) and Regulation E by electronically transferring funds from the account of Plaintiff without written authorization and without providing a copy of such authorization to Plaintiff.

## LIABILITY

29. The previous paragraphs of this complaint are incorporated by reference.

30. The act and omissions described in this Complaint were willful and intentional.

31. The act and omissions described in this Complaint were the result of Defendant's intentional policies antithetical to Defendant's obligations under the Electronic Funds Transfer Act, 15 USC 1693 et. seq.

32. Any mistake made by Defendant would have included a mistake of law.

33. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## DAMAGES

34. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

35. Plaintiff suffered damages in the amount of $863.84 which was wrongfully taken from her checking account.

36. Plaintiff suffered damages in the amount of $40.00 from overdraft fees as a result of Defendant wrongfully and illegally debiting money from her checking account.

37. Plaintiff suffered damages in the form of postage, stationary and other incidental costs in the amount of no less than $1.00.

38. Plaintiff suffered emotional distress as a result of her money having been wrongfully and illegally taken from her by Defendant and as a result of Defendant refusing to pay her the money back. Plaintiff's emotional distress was manifested by loss of sleep and sickness of stomach. Plaintiff suffered anxiety as well. Plaintiff lived in fear of due to the loss of security in her bank account.

39. The value of such distress shall be proven at trial.

40. For purposes of a default judgment, Plaintiff believes and avers that the amount of such distress has a Dollar value of no less than $10,000.00, or other amount to be determined by this Honorable Court.

## ATTORNEY FEES

41. The previous paragraphs of this Complaint are incorporated by reference.

42. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action.

43. Plaintiff believes and avers that Plaintiff's attorney's fees are worth $350.00 per hour.

44. Plaintiff's attorney fees about to no less than $1,750.00 at a rate of $350.00 per hour, described below.

| | | |
|---|---|---|
| a. | Consultation with client, review of file | 1 |
| b. | Drafting, editing, review, filing and service of complaint, and related documents. | 2 |
| c. | Follow up correspondence with Defense | 2 |
| | Total = 5 | $1,750.00 |

45. Plaintiff's attorney fees continue to accrue as the case moves forward.

46. The above stated attorney fees include work completed as well as reasonable anticipated follow up regardless of whether the case is prosecuted or results in a default judgment.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a. Adjudging and declaring that Defendant violated 15 U.S.C. §1693e(a) and Regulation E and enjoining Defendant from further violations of 15 U.S.C. §1693e(a) and Regulation E;

b. Awarding Plaintiff $13,655.84 enumerated as follows, or other amount determined by this Honorable Court.

   i. $864.84 actual damages for money wrongfully taken
   ii. $40.00 actual damages in overdraft fees
   iii. $1.00 actual damages
   iv. $1,000.00 statutory damages or other amount determined by this Honorable Court pursuant to 15 U.S.C. §1693m(a)(2)(A);
   v. $1,750.00 reasonable attorney fees or other mount determined by this Honorable Court, pursuant to 15 U.S.C. §1693m(a)(3);
   vi. $10,000.00 emotional distress

   _____

   $13,655.84

c. Plaintiff Demands fees and costs for prosecuting this action.

d. Plaintiff requests such other relief as the Court may deem just and proper.

e. Plaintiff hereby demands a trial by jury.

_____Vicki Piontek_____  7-17-2015

Vicki Piontek, Esquire                Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF FRANKLIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Billie Jean Hankey | : | |
| 12833 Pennersville Road | : | |
| Waynesboro, PA 17268 | : | Civil Action - Law |
|           Plaintiff | : | |
| v. | : | Jury Trial Demanded |
| Direct TV, Inc. | : | |
| 2260 E Imperial Hwy | : | |
| El Segundo, CA, 90245 | : | 2014-4402 |
| and | : | |
| X,Y,Z Corporations | : | |
|           Defendants | : | |

**VERIFICATION**

I, Billie Jean Hankey, have read the attached Complaint. The facts stated therein are true and correct to the best of my knowledge, understanding and belief.

_Billie Jean Hankey_                  7-11-2015

Billie Jean Hankey                      Date

