IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
FEB 29 2016
PER ___
HARRISBURG, PA  DEPUTY CLERK

BILLIE JEAN HANKEY, :
: Civil No.: 1:15-CV-1718
Plaintiff, :
:
v. :
:
DIRECT TV, INC., :
: Judge Sylvia H. Rambo
Defendant :

# MEMORANDUM

In this civil action, Plaintiff Billie Jean Hankey, the wife of a DIRECTV, LLC ("DIRECTV")[1] subscriber, alleges that DIRECTV violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, when it initiated an electronic funds transfer from her individual bank account without prior written authorization and advanced written notice, causing her financial loss and emotional distress. Presently before the court is DIRECTV's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated below, DIRECTV's motion will be granted.

I. **Background**

For purposes of the present motion, the court will only review the allegations contained in the complaint (Doc. 1-2), and will accept as true all well-pleaded factual allegations contained therein. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

---

[1] In her complaint, Plaintiff erroneously refers to DIRECTV, LLC as Direct TV, Inc.

A.  **Facts**

Plaintiff Billie Jean Hankey ("Plaintiff"), a resident of Nemacolin, Pennsylvania, had a personal and individual checking account which she did not share with her husband. (Doc. 1-2, ¶¶ 7, 12.) Prior to December 2014, Plaintiff's husband opened an account with DIRECTV and later accumulated an outstanding balance. (*Id.* at ¶¶ 10-12.) In response, Plaintiff alleges she placed a telephone call to DIRECTV and authorized a one-time electronic debit from her personal checking account as payment for her husband's outstanding account balance. (*Id.* at ¶¶12-13.) Plaintiff alleges she did not authorize DIRECTV to take any future payments from her checking account. (*Id.* at ¶ 13.)

According to the complaint, DIRECTV initiated a second payment from Plaintiff's checking account for the amount due on her husband's bill the following month, without her knowledge, permission, or consent. (*Id.* at ¶ 15.) When Plaintiff learned of the alleged second payment, she contacted DIRECTV and demanded her money back, but DIRECTV refused to provide a refund or an explanation. (*Id.* at ¶¶ 18-19.)

B.  **Procedural History**

Plaintiff initiated this action by filing a complaint on December 30, 2014 in the Court of Common Pleas of Franklin County, Pennsylvania, and later filed an amended complaint on July 23, 2015.[2] (Doc. 1-2.) DIRECTV timely removed the action to this court on September 1, 2015. (Doc. 1-1.) On September 8, 2015, DIRECTV filed a motion to

---

[2] Defendant alleges that it was not served with the original complaint, which Plaintiff does not address. (Doc. 4, p. 3 of 10.)

dismiss and a brief in support thereof. (Docs. 3 & 4.) Plaintiff filed her opposition on September 17, 2015 (Doc. 5), and DIRECTV replied on October 5, 2015 (Doc. 6). Based on the record, the motion has been adequately briefed and is ripe for disposition.

I. **Legal Standard**

DIRECTV moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For purposes of a motion to dismiss, Rule 12(b)(6) works in conjunction with Federal Rule of Civil Procedure 8, which requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's short and plain statement of the claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted) (citing *Twombly*, 550 U.S. at 555, 557). However, this "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *W. Penn Allegheny Health Sys. Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (quoting *Phillips*, 515 F.3d at 234). When conducting this inquiry, the court considers "only the allegations in the complaint, exhibits attached to the complaint[,] and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

III.     **Discussion**

Plaintiff alleges that she "initiated a one[-]time payment of the outstanding balance on her husband's account with [DIRECTV]" and "no other successive payments were authorized." (Doc.1-2, ¶¶ 12-13.) DIRECTV argues in response that Plaintiff has failed to state a claim as a result of Plaintiff's failure to allege that she authorized any transfers "in advance to recur at substantially regular intervals." (Doc. 4, p. 5-9 (citing 15 U.S.C. § 1693a(10)). In response, Plaintiff baldly asserts that she pleaded sufficient facts "to support [her] FDCPA claim," somehow arguing that had DIRECTV followed the EFTA and believed that subsequent debits were authorized, Plaintiff would have been able to revoke any existing authorization. (Doc. 5, pp. 2-3.)

4

When interpreting a statute, the court's primary purpose "is to give effect to Congress's intent." *Rosenberg v. XM Ventures,* 274 F.3d 137, 141 (3d Cir. 2001). Except in rare cases, the plain language of the statute should be conclusive. *Morgan v. Gay*, 466 F.3d 276, 278 (3d Cir. 2006). The EFTA provides that "a preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing" or "similarly authenticated by the consumer." 15 U.S.C. § 1693e(a); 12 C.F.R. § 1005.10(b). A "preauthorized electronic fund transfer" is an "electronic fund transfer authorized in advance to recur at substantially regular intervals." 15 U.S.C. § 1693a(10).

Because any electronic fund transfer authorized in advance by a consumer is required "to recur at substantially regular intervals," Plaintiff's authorization for a single payment relating to her husband's debt with DIRECTV, along with the failure to allege an authorization for any subsequent payment, cannot meet the statutory definition of a "preauthorized electronic fund transfer." *Id.*; *see also Sharkey v. NAC Mktg. Co., LLC.*, Civ. No. 12-cv-4354, 2012 WL 5967409, *2-5 (N.D. Ill. Nov. 28, 2012) (holding that a "telephone authorization for a one-time debit transaction" which resulted in a second unauthorized electronic fund transfer did not result in a violation of Section 1693e of the EFTA.).

In addition, although the alleged unauthorized debit by Defendant occurred the month following the single authorized transfer, the potential that it could have been the first of many transfers to occur at substantially regular intervals is not the proper inquiry. In order

5

"to qualify as a preauthorized transfer and trigger the requirements of the EFTA, the transfer must be one that is authorized to 'recur.'" *In re DirectTV Early Cancellation Litig.*, 738 F.Supp. 2d 1062, 1091 (C.D. Ca. 2010) (holding that authorization obtained "for a one-time charge of the [c]ancellation [f]ee does not fit within that definition."); *see also Wike v. Vertrue, Inc.*, 566 F.3d 590, 594 (6th Cir. 2009) ("'[P]reauthorized' transfers by definition must be authorized 'in advance.'") (quoting 15 U.S.C. § 1693a(10)); *Coover v. Immediate Credit Recovery, Inc.*, Civ. No. 14-cv-0395, 2014 WL 5823166, *5 (M.D. Fla. Nov. 10, 2014) ("The relevant inquiry is whether the [authorized] payments [at issue] were meant to recur to meet the EFTA's definition of a 'preauthorized transfer.'"). Indeed, the court notes that Congress also intended "the provisions related to 'preauthorized electronic fund transfers' . . . to protect 'consumers who arrange for regular payments (such as insurance premiums or utility bills) to be deducted automatically from their [b]ank accounts.'" *Okocha v. HSBC Bank USA, N.A.*, Civ. No. 08-cv-8650, 2010 WL 5122614, *7 (S.D.N.Y. Dec. 14, 2010) (quoting S. Rep. 95-915, at 15 (1978)). Therefore, by alleging that she only authorized a "one[-]time payment" and that "no other successive payments were authorized," Plaintiff has failed to plead sufficient facts to sustain a claim under 15 U.S.C. § 1693e(a).

IV. **Conclusion**

Based on the foregoing discussion, the Court will grant DIRECTV's motion to dismiss. However, "a district court must permit a curative amendment unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State*

6

*Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). The court will grant Plaintiff leave to amend her complaint to provide her with yet another opportunity to submit an adequate pleading. The court does so to ensure that Plaintiff's rights are not lost as a result of counsel's pleading her out of court. Plaintiff is advised to submit a well-pleaded complaint, as she will not have another opportunity to amend.

      An appropriate order will issue.

                                                              /s/ Sylvia H. Rambo
                                                              SYLVIA H. RAMBO
                                                              United States District Judge

Dated: February 29, 2016